IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| WILLIE F. CORNER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 2:04CV565-A |
| ) | |
| WALGREEN CO., ) | |
| ) | |
| Defendant. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

In this diversity action, plaintiff Willie F. Corner alleges that the Walgreen pharmacy in Prattville, Alabama negligently filled his prescription with a higher dosage of Doxepin than prescribed by his physician and that, as a result, he suffered various medical problems, including a rash and scarring in his genital area, fainting, drowsiness, dizziness, headaches, nausea, weakness and sexual impotence. Plaintiff also asserts that defendant negligently trained or failed to train its pharmacist and pharmacy technician concerning the requirement that a licensed pharmacist must fill prescriptions and that, when he telephoned the pharmacy to discuss his side effects, a pharmacist negligently responded to his inquiry. This action is presently before the court on the motion for summary judgment filed by defendant (Doc. # 7). Defendant argues that it is entitled to summary judgment on plaintiff's claims because: (1) plaintiff's complaint is defective and fails to allege proximate causation adequately; (2) plaintiff has not proffered expert medical testimony as required to sustain a claim under the Alabama Medical Liability Act; and (3) as to the negligent training claim, plaintiff cannot establish breach of duty, causation, the identities of the allegedly incompetent employees or

Walgreen's knowledge of the incompetence. Upon consideration of the motion, the court concludes that it is due to be granted.

## BACKGROUND[1]

On April 17, 2002, plaintiff's physician in Huntsville, Alabama gave plaintiff a prescription for Doxepin, 10 milligrams, for rectal itching. Plaintiff took the prescription to the Walgreen store in Prattville, Alabama. Plaintiff received 60 Doxepin pills, at a dosage of 100 mg. On the afternoon of Thursday, April 19, 2002, the same day he had the prescription filled, plaintiff took a Doxepin pill and became ill. He took another pill at bedtime. The following morning, he felt groggy and "drunk." Friday evening, plaintiff took two more Doxepin tablets. On Saturday morning, plaintiff was still groggy and was having problems with his vision. That afternoon, he called the pharmacy and spoke with a pharmacist. The pharmacist told plaintiff that he was also taking Doxepin and said "it does me the same way." Plaintiff continued to take the medication for a total of ten or eleven days, until he spoke with his daughter, who told him that the police had called about medication plaintiff had received from a drug store. Plaintiff called the Walgreen store and spoke with someone who told him to bring the medication back. Plaintiff did not return the medication to the pharmacy. After taking the medication, plaintiff experienced a rash

---

[1] As it is required to do, the court has viewed the evidence presented on the motion for summary judgment in the light most favorable to the plaintiff. Welch v. Celotex Corp., 951 F.2d 1235, 1237 (11th Cir. 1992). The court considers any objections not raised to the use or admissibility of the evidence to be waived for purposes of this motion. Davis v. Howard, 561 F.2d 565, 570 (5th Cir. 1977).

between his legs, sexual impotence, grogginess, decreased memory, problems with his vision, and depression.   (Corner depo., pp. 57-91, 97, 100-101, 118, 120-145, 152, 182).

## THE SUMMARY JUDGMENT STANDARD

A party seeking summary judgment bears the initial burden of demonstrating to the court the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions that it believes show an absence of any genuine issue of material fact.  Hairston v. Gainesville Publishing Co., 9 F.3d 913 (11th Cir. 1993).  For issues on which the non-movant bears the burden of proof at trial, "the moving party is not required to support its motion with affidavits or other similar material negating the opponent's claim in order to discharge this initial responsibility.  Instead, the moving party simply may show [ ] – that is, point[ ] out to the district court – that there is an absence of evidence to support the non-moving party's case."  Fitzpatrick v. City of Atlanta, 2 F.3d 1112, 1115-16 (11th Cir. 1993)(quoting U.S. v. Four Parcels of Real Property, 941 F.2d 1428, 1437-38 (11th Cir. 1991)(*en banc*)).

In Celotex Corp. v. Catrett, 477 U.S. 317 (1986), the Court held that if a party opposing summary judgment "fails to make a showing sufficient to establish the existence of an element essential to their party's case, and on which their party will bear the burden of proof at trial," summary judgment shall be granted.

> [W]here the nonmoving party will bear the burden of proof at trial on a dispositive issue . . . Rule 56(e) . . . requires the nonmoving party to go beyond the pleadings and by . . . affidavits, or by the "depositions, answers to interrogatories, and admissions on file," designate "specific facts showing that there is a genuine issue for trial. . . We do not mean that the nonmoving party

>must produce evidence in a form that would be admissible at trial in order to avoid summary judgment. . . . Rule 56(e) permits a proper summary judgment motion to be opposed by any of the kinds of evidentiary materials listed in Rule 56 except the mere pleadings themselves. . . ."

Id. at 324.

For summary judgment purposes, an issue of fact is "material" if it is a legal element of the claim, as identified by the substantive law governing the case, such that its presence or absence might affect the outcome of the suit. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). An issue of fact is "genuine" if the record taken as a whole could lead a rational trier of fact to find for the nonmoving party. Matsushita Electrical Industrial Company v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). The court must view the evidence, and all factual inferences properly drawn from the evidence, in the light most favorable to the nonmoving party. Welch v. Celotex Corp., 951 F.2d 1235, 1237 (11th Cir. 1992); Rollins v. TechSouth, Inc., 833 F.2d 1525, 1528 (11th Cir. 1987). It is improper for this court to weigh conflicting evidence or make credibility determinations; instead, "the evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." Anderson, 477 U.S. at 255. Where a reasonable fact finder may "draw more than one inference from the facts, and that inference creates a genuine issue of material fact, then the court should refuse to grant summary judgment." Barfield v. Brierton, 883 F.2d 923, 933-34 (11th Cir. 1989) (citation omitted).

## DISCUSSION

Defendant argues that it is entitled to summary judgment because, *inter alia*, plaintiff

has no expert medical evidence to establish that defendant breached the applicable standard of care and thereby proximately caused injury to plaintiff, as required by the Alabama Medical Liability Act ("AMLA"), Ala. Code § 6-5-480 *et seq*. Defendant Walgreen Co., as a pharmacy operator, is an "other health care provider" as defined by the AMLA. Ex Parte Rite Aid of Alabama, Inc., 768 So.2d 960 (Ala. 2000); Cackowski v. Wal-Mart Stores, Inc., 767 So.2d 319 (Ala. 2000). In this action, plaintiff alleges that he suffered injury by reason of Walgreen's negligence in filling his prescription, in responding to plaintiff's inquiry regarding the side effects he was experiencing, and in training its employees regarding filling prescriptions. Plaintiff's claims against Walgreen are governed by the provisions of the AMLA. See Ala. Code § 6-5-551 ("In any action for injury . . against a health care provider for breach of the standard of care, whether resulting from acts or omissions in providing health care, or the hiring, training, supervision, retention, or termination of care givers, the Alabama Medical Liability Act shall govern . . . all aspects of the action.").

To prevail on his claims under the AMLA, plaintiff must establish: (1) the appropriate standard of care; (2) Walgreen's deviation from that standard; and (3) that the act or omission constituting the breach proximately caused plaintiff's injury. Bradford v. McGee, 534 So.2d 1076, 1079 (Ala. 1988). With limited exceptions, the plaintiff must introduce expert testimony to establish these elements. Rivard v. University of Alabama Health Services Foundation, P.C., 835 So.2d 987, 988 (Ala. 2002).[2]

---

[2] Expert testimony need not be offered in an AMLA case: "(a) when the act or omission is in a class of cases ""'where want of skill or lack of care is so apparent . . . as to be understood by a

Defendant argues that plaintiff's claims are due to be dismissed because of the lack of expert witness testimony on the element of causation. (Defendant's brief, p. 13).[3] "'To present a jury question [with regard to causation], the plaintiff must adduce some evidence indicating that the alleged negligence (the breach of the appropriate standard of care) probably caused the injury. A mere possibility is insufficient.'" Id. (quoting Bradford, *supra*, 534 So.2d at 1079). To establish causation as to his negligent dispensing and negligent training claims, assuming breach of the applicable standard, plaintiff must produce evidence that it is probable that the higher dosage of Doxepin caused the alleged symptoms, *i.e.*, that he probably would not have suffered the symptoms had he taken the medication at the 10 mg dosage as prescribed. With regard to his claim that the pharmacist negligently responded to plaintiff's questions when plaintiff called the pharmacy to discuss his side effects (again assuming breach of the applicable standard), plaintiff must demonstrate that his continued consumption of the Doxepin probably caused or worsened his symptoms. Plaintiff cannot do so without expert testimony.[4] The only evidence offered by plaintiff which arguably

---

layman, and requires only common knowledge and experience to understand it,'"' . . . such as when a foreign object is left in, the wrong body part is operated on, or a call for assistance is ignored for an unreasonable time; or (b) when a plaintiff either relies on '"'a recognized standard or authoritative medical text or treatise,'"' . . . or is himself a qualified medical expert." Ex Parte HealthSouth Corporation, 851 So.2d 33, 42 (Ala. 2002)(citations omitted).

[3] Since the plaintiff bears the burden of proving this element at trial, the defendant may meet its burden on the present motion by pointing out the absence of evidence to support the plaintiff's case. Fitzpatrick, *supra*, 2 F.3d at 1115-16.

[4] Plaintiff has filed a copy of what appears to be the description of Doxepin from the *Physician's Desk Reference*. While the excerpt lists possible adverse reactions to Doxepin, it does not establish that plaintiff's symptoms were probably caused by the higher dosage or continued

constitutes expert testimony is the statement he has submitted from Dr. Nash.[5] Dr. Nash states:

> Doxepin is prescribed for rectal itching and as an antidepressant. When prescribed in a small dosage of 10MG it is prescribed for the recital [sic] disorder. I have evaluated Willie Corner for several years after receiving large dosages of Doxepin in 100 MG. My patient has suffered a rash in the rectal area of his body in addition to permanent scars. He has also developed difficulty with erectile dysfunction and premature ejaculation. At the present time he has low stimulation and/or a desire for a sexual relationship.

(Nash statement). Dr. Nash does not state that plaintiff's symptoms were probably caused by his ingestion of Doxepin, let alone that the symptoms were probably caused by the higher dosage. Thus, Dr. Nash's statement is insufficient to demonstrate the existence of a genuine issue of material fact on the element of causation. Plaintiff is required to prove causation to prevail on each his claims and, thus, defendant is entitled to summary judgment on all of plaintiff's claims.[6]

## CONCLUSION

---

consumption of Doxepin. As noted above, it is not enough to show that the symptoms were *possibly* caused by the defendant's negligence.

[5] This statement was signed before a notary public, but there is no indication that the statement was sworn to under oath by Dr. Nash. It does not meet the requirements of a declaration under penalty of perjury pursuant to 28 U.S.C. § 1746. In view of the court's conclusion that the statement is substantively insufficient to demonstrate the existence of a genuine issue of material fact on the issue of causation, the court does not address the admissibility of the statement.

[6] In light of this conclusion, it is not necessary for the court to address the merits of the additional arguments raised by defendant or defendant's motion to strike the affidavits submitted by plaintiff (Doc. # 27). Even if those affidavits are considered, they do not change the court's conclusion on the motion for summary judgment.

For the foregoing reasons, it is the RECOMMENDATION of the Magistrate Judge that: (1) defendant's motion for summary judgment (Doc. # 7) be GRANTED, and that this action be DISMISSED; and (2) that defendant's motion to strike (Doc. # 27) be DENIED as MOOT.[7]

The Clerk of the Court is ORDERED to file the Recommendation of the Magistrate Judge and to serve a copy on the parties to this action. The parties are DIRECTED to file any objections to the said Recommendation on or before April 13, 2005. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation objected to. Frivolous, conclusive or general objections will not be considered by the District Court.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual

---

[7] In his brief in opposition to summary judgment, plaintiff states that he "agrees to supply sufficient evidence of documentation in reference to the said complaint at the request of the court." (Plaintiff's brief, p. 8). He also states that "with repeated requests for the court to provide Plaintiff with substantial discovery and production paperwork, Plaintiff has yet to receive anything from the defense attorney . . . ." (Id., p. 7). Plaintiff filed a motion to compel production of documents on October 27, 2004. By order entered November 4, 2004, the court denied the motion because plaintiff's request for production – assuming it was served on defense counsel, which defense counsel denies – did not specify the documents sought by plaintiff. Plaintiff filed no other motions to compel. By order entered October 13, 2004, the court advised plaintiff of the requirements for responding to a motion for summary judgment and, specifically, that if he is unable to present facts essential to justify his opposition, he must file a sworn statement as to why he is unable to do so. (Doc. # 9; see also Fed. R. Civ. P. 56(f)). The court has twice previously granted plaintiff's motions for additional time to respond to the motion for summary judgment. Plaintiff has filed no Rule 56(f) affidavit and has not demonstrated any cause for the court to delay disposition of the present motion.

findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. <u>Resolution Trust Co. v. Hallmark Builders, Inc.</u>, 996 F.2d 1144, 1149 (11th Cir. 1993); <u>Henley v. Johnson</u>, 885 F.2d 790, 794 (11th Cir. 1989).

DONE, this 31st day of March, 2005.

<u>/s/ Susan Russ Walker</u>
SUSAN RUSS WALKER
UNITED STATES MAGISTRATE JUDGE